## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **NUWAVE, LLC,** | |
| Plaintiff, | Civil Action No:_____ |
| v. | |
| **HEXMANWORLD LLC d/b/a INFRAOVENS** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff NuWave, LLC for its Complaint against Hexmanworld LLC d/b/a Infraovens, alleges as follows:

### THE PARTIES

1.      Plaintiff NuWave, LLC ("NuWave") is a limited liability company organized under the laws of the State of Illinois with its principal place of business located in Libertyville, IL.

2.      Defendant Hexmanworld LLC is a Florida Limited Liability Company having a principal place of business at 1372 Falling Star Lane, Orlando, FL 32828.  Although not a registered "d/b/a", Hexmanworld LLC does business under the name Infraovens.  *See, e.g.,* Exhibit A, U.S. Trademark Reg. No. 5,132,866 for "Infraovens" owned by Hexmanworld LLC. Accordingly, Hexmanworld LLC is referred to herein as "Infraovens."

### JURISDICTION AND VENUE

3.      This action is for patent infringement against Infraovens under the patent laws of

1

the United States, 35 U.S.C. §§ 1 *et seq*. and for violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., including false advertising and trademark infringement of NuWave's registered and unregistered trademark rights.

4.      NuWave is a resident and citizen of the State of Illinois.  Infraovens is a resident and a citizen of the State of Florida.

5.      This Court has subject matter jurisdiction over the patent claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and over the Lanham Act claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(b).

6.      This Court has personal jurisdiction over Infraovens  under the Long-Arm statute of Illinois, 735 ILCS 5/2-209, because Infraovens has specifically targeted this forum by offering for sale, selling, and distributing its accused products directly to Illinois residents via both its own interactive website and at least one third-party website, Amazon.com. The consequences of Infraovens' actions produce effects in and directly implicate this forum.  Through its sale of products online to Illinois consumers, Infraovens has established sufficient minimum contacts with Illinois for the exercise of personal jurisdiction.  Infraovens has purposefully exploited the Illinois market and should reasonably anticipate being haled into court in Illinois.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to NuWave's claims occurred here, including the advertising and sale of the accused products in this District. .

## BACKGROUND

8.      Plaintiff NuWave, LLC is a privately-owned company that specializes in designing, manufacturing, and selling various houseware small appliances such as, among other things, current and previously sold combination convection/conduction/infrared ovens, induction

2

cooktops, and air fryers.

9.    NuWave is the sole owner of the following United States trademark registrations

relevant to this action (the "Registered Marks").  True and correct copies of the registration

documents for each mark are attached hereto as Exhibits B-F.

| Registration No. | Mark | Goods/Services (in relevant part) | First Use in Commerce | Exhibit |
|---|---|---|---|---|
| 2826443 (Incontestable) | NU WAVE | IC 011: Infrared Cooking Devices, namely infrared wave producing ovens | 11/16/2002 | B |
| 4879441 | NUWAVE | IC 011: consumer housewares and home goods in the nature of infrared cooking devices, namely, infrared wave producing ovens | 11/16/2002 | C |
| 4652905 |  | IC 011: Infrared cooking devices, namely, infrared wave producing domestic cooking ovens. | 12/1/2013 | D |
| 5196785 | NUWAVE BRIO | IC 011: Electric fryers | 4/13/2016 | E |
| 3802040 | MORNINGWARE | IC 011: Small electric kitchen appliances, namely, infrared wave producing convection ovens | 10/1/2002 | F |

10.    U.S. Registration No. 2826443 is now incontestable under 15 U.S.C. § 1065 and

is thus conclusive evidence of the validity of the NU WAVE mark, NuWave's ownership of

same, and NuWave's exclusive right to use the mark NU WAVE in commerce.

11.     Relevant here, NuWave also sells products under the following trade names, and has done so continuously in commerce since the listed dates.  Accordingly, NuWave has protectable unregistered trademark rights in each of the following "Unregistered Marks."

| Name | Related Goods | Date of First Use in Commerce |
|---|---|---|
| NUWAVE OVEN PRO | Infrared cooking devices (namely, ovens) and related accessories | At least as early as August of 2003 |
| NUWAVE PRO PLUS | Infrared cooking devices (namely, ovens) and related accessories | At least as early as August of 2003 |
| NUWAVE ELITE | Infrared cooking devices (namely, ovens) and related accessories | At least as early as December 1, 2013 |

12.     Among other housewares, NuWave sells a line of countertop conduction/convection/infrared ovens throughout the United States, both directly to consumers and through major retail outlets.  This line includes or has at times included the NuWave Oven Pro, the NuWave Pro Plus, and the NuWave Elite.  *See, e.g.*, https://nuwavenow.com/NuWaveOven (last accessed March 11, 2020).  NuWave also offers a variety of replacement/extra parts for its ovens, including a replacement Standard Dome (*see* Exhibit G) and its more durable Power Dome (*see* Exhibit H).

13.     Infraovens owns and operates the website www.infraovens.com where it sells accessories related to countertop cooking appliances.  Attached hereto as Exhibit I is a collection of pages from www.infraovens.com showing some of the various products offered for sale therein.  *See* Exhibit I.  Notably, the following products specifically use NuWave's Registered Marks and/or Unregistered Marks, identified in bold typeface.  Note that the following table is not exhaustive of Infraovens' unauthorized use of NuWave's marks, but is meant only to illustrate the extent of the problem:

4

| Title | URL |
|---|---|
| 2 INCH GRILL RACK MADE FROM 100% STAINLESS STEEL FOR **NUWAVE OVEN PRO, PRO PLUS AND ELITE** MODELS. STACKABLE & REVERSIBLE 1 INCH HEIGHT FOR COOKING/COOLING MORE FOOD IN MULTIPLE LAYERS BY INFRAOVENS | www.infraovens.com/ product/2-inch-grill-rack |
| EXTENDER RING DOME ADAPTOR COMPATIBLE WITH **NUWAVE OVEN PRO** MODELS – MOUNT ANY DOME INTO YOUR **NUWAVE OVEN PRO**, FLAVORWAVE OR **MORNINGWARE** CONVECTION OVEN + INCLUDES ACCESSORIES BUNDLE BY INFRAOVENS | www.infraovens.com/ product/airfryer-accessories-extender-ring |
| 3 INCH GRILL RACK MADE WITH HIGH QUALITY STAINLESS STEEL FOR **NUWAVE OVEN PRO PLUS AND ELITE** MODELS AND REVERSIBLE 1 INCH GRATE AIRFRYER ACCESSORIES FOR COOKING, GRILLING BY INFRAOVENS | www.infraovens.com/ product/3-inch-grill-rack-for-**nuwave**-oven |
| 4 INCH SS GRILL RACK FOR ONLY **NUWAVE OVEN PRO** MODELS, **MORNINGWARE** AND FLAVORWAVE AIRFRYER \| REVERSIBLE 1 INCH GRATE ACCESSORY FOR COOKING BAKING OR COOLING FOR CONVECTION OVEN BY INFRAOVENS | www.infraovens.com/ product/4-inch-grill-rack-for-convection-oven |
| AIR FRYER UNBLEACHED PAPER LINERS WITH NO HOLES XXL COMPATIBLE WITH PHILIPS, **NUWAVE BRIO**, CHEFMAN, OMORC, CUISINART, COSORI, COOKS ESSENTIALS, POWER AIRFRYER OVEN, CHEF DI CUCINA, SARKI +MORE\| 100 PK + GRILL MAT BY INFRAOVENS | www.infraovens.com/ product/air-fryer-unbleached-paper-liners-with-no-holes-xxl |
| AIR FRYER PARCHMENT PAPER LINERS（8.7″×8.7″）  100PCS COMPATIBLE WITH XXL PHILIPS, **NUWAVE BRIO**, CHEFMAN, OMORC, CUISINART, COSORI, COOKS ESSENTIALS, POWER AIRFRYER OVEN, CHEF DI CUCINA, SARKI AND MORE | www.infraovens.com/ product/air-fryer-paper-liners-compatible-with-xxl-philips-**nuwave**-brio-chefman-omorc-cuisinart-cosori-cooks-essentials-power-airfryer-oven-chef-di-cucina-sarki-more-100-pk-grill-mat-by-infraovens |
| AIR FRYER PAPER LINERS COMPATIBLE WITH XXL PHILIPS, **NUWAVE BRIO**, CHEFMAN, OMORC, CUISINART, COSORI, COOKS | www.infraovens.com/product/ perforated-unbleached- |

| | |
|---|---|
| ESSENTIALS, POWER AIRFRYER OVEN, CHEF DI CUCINA, SARKI +MORE\| 100 PK + GRILL MAT BY INFRAOVENS | parchment-paper-liners-xxl |
| XL AIR FRYER GRILLING BAKING OVEN SAFE ACCESSORIES COMPATIBLE WITH PHILLIPS AIRFRYER HD9240, WALITA, POWER AIRFRYER OVEN, **NUWAVE BRIO**, COZYNA, CHEFMAN, HARBOR, TIDYLIFE +MORE BY INFRAOVENS \| L TO XL | www.infraovens.com/ product/square-grill-pan-silicone-mat-large |
| XL AIR FRYER OVEN SAFE BAKING GRILLING LARGE TO XL ACCESSORIES COMPATIBLE WITH PHILLIPS AVANCE XXL, GOWISE, POWER AIRFRYER, **NUWAVE BRIO**, COZYNA, CHEFMAN, SECURA, HARBOR, EMERALD +MORE BY INFRAOVENS | www.infraovens.com/ product/airfryer-grill-accessories-set-large-xl |
| DEEP FRYER GRILL ACCESSORIES SET COMPATIBLE WITH PHILLIPS AIR FRYER 2.75QT, **NUWAVE AIRFRYER BRIO 3QT**, CHEFMAN 2.5L 2.6QT, COZYNA, HD9220 HD9621 HD9531 HD9238 HD9230 HD9641 +MORE BY INFRAOVENS \| S – M | /www.infraovens.com/ product/airfryer-grill-accessories-set-small-medium |
| XL AIRFRYER GRILL PAN OVEN ACCESSORY COMPATIBLE WITH PHILLIPS AIRFRYER HD9240, WALITA, POWER AIRFRYER OVEN, **NUWAVE BRIO**, COZYNA, CHEFMAN, HARBOR, TIDYLIFE, CHEF DI CUCINA +MORE BY INFRAOVENS \| LARGE TO X-LARGE | www.infraovens.com/ product/airfryer-grill-pan-square-large |

14.    On information and belief, in addition to the above-mentioned products on its website, Infraovens operates a storefront called ShopShoppingDeals on Amazon.com.  *See* ShopShoppingDeals Storefront, https://www.amazon.com/s?me=A1MK7WLBJHZ3IF &marketplaceID=ATVPDKIKX0DER (last accessed March 11, 2020); *see also* Exhibit J (printout of ShopShoppingDeals Storefront).  ShopShoppingDeals sells no brands other than Infraovens.

15.    In addition to many of the above-mentioned products, ShopShoppingDeals offers the following products relevant to this suit (collectively referred to herein as the "Infringing

Domes"):

    a.   "Dome Compatible with NuWave Oven PRO PLUS Models for Infrared Convection Cooker - Bundles with Set of 3 Accessories - Replacement Cover + Cookbook + Dome Cleaner by INFRAOVENS (Clear)".  *See* Exhibit K.

    b.   "Dome Compatible with NuWave Oven PRO & PRO PLUS Models - Stronger and Durable Convection Oven Replacement Cover Bundles w/Adaptor Extender Ring + Cookbook + More Accessories by INFRAOVENS".  *See* Exhibit L.

16.    The Infringing Domes are repeatedly advertised using NuWave's registered "NU WAVE" and "NUWAVE" marks, as well as the unregistered names of its NuWave Oven Pro and NuWave Oven Pro Plus.

17.    Additionally, the Infringing Domes are marketed as being "compatible with" NuWave's products, despite not being authorized or approved by NuWave, and more importantly by not being subject to NuWave's rigorous testing standards.  Indeed, the Infringing Domes have repeatedly been the subject of complaints of poor quality and durability.  Attached hereto as Exhibit M is a composite exhibit showing all "critical" Amazon reviews on the Infringing Domes.  The following excerpts illustrate but are not exhaustive examples of customer complaints regarding the Infringing Domes:





Rick P.

★☆☆☆☆ **Cracked in 2 months**
Reviewed in the United States on December 31, 2017
Size: Compatible with NuWave Oven PRO & PRO PLUS Models | Color: Standard Dome | Verified Purchase

Cracked in 5 places within 2 months. Have been using nu wave oves for over a decade, and always get 2-4 years out of a dome. Terrible performance.

Helpful | ⌄ 1 comment | Report abuse

Aroni

★☆☆☆☆ **WHEN REPLACEMENT IS NOT AN ORIGINAL BUT RATHER A COMPATIBLE ONE IT NEED TO BE MADE CLEAR OF THAT.**
Reviewed in the United States on August 28, 2019
Size: Compatible with NuWave Oven PRO & PRO PLUS Models | Color: Standard Dome | Verified Purchase

GLAD TO HAVE MY REPLACEMENT. I DID NOT KNOW THAT THIS WAS A TWO PART (TO MAKE ONE) TO MAKE ONE.
THIS MOVES THE DOME ABOUT TWO INCHES LOWER THAT THE ORIGINAL UNLESS THE METAL RING (EXTENSION)
IS USED.

Helpful | ⌄ Comment | Report abuse

Steve

★☆☆☆☆ **From the start, this dome never did quite fit ...**
Reviewed in the United States on December 22, 2017
Size: Compatible with NuWave Oven PRO & PRO PLUS Models | Color: Standard Dome | Verified Purchase

From the start, this dome never did quite fit my Nuwave Pro white edition. It would slip off the main cooktop more and more as I used it. It got to the point that I would have to use oven mittens on the plastic dome to lift it off the base because the top would slip off. Within just a few months it developed a crack on the side that quickly grew to a breach to where I could no longer use it.

Helpful | ⌄ 1 comment | Report abuse

Rocky R

★☆☆☆☆ **This dome is the exact original.**
Reviewed in the United States on January 3, 2018
Size: Compatible with NuWave Oven PRO & PRO PLUS Models | Color: Standard Dome | Verified Purchase

I follow the instruction to select my dome for my NUWAVE oven according to the model number. It was very simple.
When the dome arrived it was sealed as to not get damaged in transport and in a sturdy cardboard box.
When I removed it from all the packaging I was surprised how clean and new it looked. I immediately attach it to the oven and all fit well.
I am very happy with the dome and that it fit. I am not happy that I saw what look like other domes on AMAZON for ten dollars less.
I paid $59.99 because it came with a tiny cookbook I cannot read and a digital thermometer. Another thermometer to add to my collection.
If all I want is a dome just sell me a dome but it seems like they can't sell the cookbook and thermometer so they raise the price on the dome and include it gadgets and extras and charge more. Otherwise, I am happy with this purchase. May 7,th 2018 roughly six months later I find myself shopping for another replacement dome. I am not happy with the poor quality of the clear dome. I wish someone from Amazon or Nu-wave would contact me. I like to know if there is a replacement dome that does not crack under normal use.

One person found this helpful

Helpful | ⌄ Comment | Report abuse

18.    Clearly, customers are dissatisfied and do not find the domes "compatible" with their NuWave oven products.  Many complain that the Infringing Domes do not properly fit their ovens.  Others complain about the poor durability of the Infringing Domes.  This, at a minimum, may damage customer ovens or worse, put NuWave's valued customer's at risk of loss or injury.

19.     Furthermore, each sale of a falsely claimed-to-be "compatible" Infringing Dome is a lost sale of a genuine NuWave Standard Dome or Power Dome that has actually been tested and approved by NuWave.  This has caused and will continue to cause harm to NuWave in the form of lost sales.

20.     Additionally, some customers clearly believe that the Infringing Domes emanate from NuWave.  For example, in a review left May 08, 2017, NatashaM stated: "I've had this for only three months and it's already cracking where the motor attaches to the dome! **NuWave needs to make a better product that can withstand the weight of the motor**. This is the 2nd one I've had to replace, so far the quickest!"  *See* Exhibit N.  The image in Exhibit N clearly shows that the complained-of Infringing Dome is an Infraovens product.

21.     This mistaken belief regarding the source of the defective Infringing Domes has harmed and continues to harm NuWave's reputation.  Notably, NuWave is the defendant in two class-action lawsuits related to purported defects in its own domes - *Aguilera et al. v. NuWave, LLC*, No. 1:18-cv-03550 (N.D. Ill.) and *Kiana Horn v. NuWave, LLC*, No. 1:20-cv-00263 (N.D. Ill.).  However, due to the class nature of the claims, Infraovens' sale of the Infringing Domes makes it impossible to tell the extent of and attempt to remedy the alleged problem underlying the class action suits.  It is entirely possible that many of the complainants in the class action actually have a defective Infringing Dome but are not aware that the product did not come from NuWave because of Infraovens' deceptive advertising.  This has increased and will continue to increase NuWave's cost of defense in the *Aguilera* and *Horn* actions and will needlessly complicate any potential resolution of the matters.

22.     More directly, NuWave is harmed by customer's dissatisfaction with the defective Infringing Domes when customers believe that the poor-quality product came from

9

NuWave.  Even worse, Infraovens' poor customer service leaves NuWave's frustrated customers with little recourse.  Infraovens frequently responds to reviews with boilerplate language clearly inapplicable to the customer's situation.  *See, e.g.*, Exhibit O (response to user Debideb, whose dome melted, with cleaning instructions).  This further harms NuWave's reputation because there is a high likelihood that customers will believe that NuWave is providing this terrible customer service.

23.     This deception is further enhanced by the multiple instances of trademark infringement in Infraovens' other product listings, both on its Amazon storefronts (*i.e.* ShopShoppingDeals and INFRAOVENS) and its aforementioned website.  This pervasive trademark infringement and false designation of origin is harming and continues to harm NuWave's brand.

24.     In addition to Infraovens' deceptive advertising and trade practices, Infraovens continues to commit indirect infringement of NuWave's patent rights.

25.     Specifically, NuWave is the owner by assignment of all right, title, and interest to U.S. Patent No. 6,936,795 ("the '795 Patent"), titled METHOD AND APPARATUS FOR SECURING A POWER HEAD ON AN ELECTRIC COOKER. *See* Exhibit P, '795 Patent.

26.     Claim 1 of the '795 Patent reads:

An electric cooker, comprising:

a base;

a housing supported on said base and having an opening;

a power head configured to be removably attached to said housing at said opening and including a heating unit for generating and directing heating into said housing;

at least one first piece provided on said power head for securing said power head

onto said housing;

at least one second piece provided on said housing and configured to matingly engaged said first piece for removably attaching said power head onto said housing; and

locking means provided on said power head proximate to said first piece for preventing said first and second pieces from disengaging from a temperature increase inside said housing.

27.    Claim 1 reads directly on each of the NuWave oven models.

28.    The Infringing Domes are near identical (albeit, poor-quality) replicas of the original domes that come with the NuWave oven.  Thus, when a customer replaces their dome with an Infringing Dome, the combination reads on Claim 1 as well.  Namely, the infringing domes have an opening, and when used in combination with an existing oven are engaged with the "at least one first piece" of the existing NuWave power head for securing the power head thereon.  They have an "at least one second piece" that is configured to matingly engage with the power head, and the existing power head has a locking means to keep the Infringing Dome and existing power head securely fastened.

29.    Each Infringing Dome, when used to replace the dome that comes with a NuWave Oven, constitutes a "housing" within the meaning of Claim 1.

30.    The Infringing Domes are specifically designed to replicate authentic NuWave domes and are intended to engage with the remaining parts of a NuWave oven in the same way as an authentic NuWave dome.  The following picture from Infraovens' advertising shows the portion of the Infringing Dome that is intended to effectuate the secure attachment of the dome to the power head as described by Claim 1 of the '795 Patent (circled in red), *i.e.*, the "at least one second piece provided on said housing and configured to matingly engaged said first piece for removably attaching said power head onto said housing".  The "opening" is indicated by a green

11

arrow.



31.     The following picture of an Infringing Dome shows that there are several of these pieces dispersed across the top edge of the Infringing Dome (circled in blue):



32.    Claims 2-11 of the '795 Patent are dependent claims stemming from Claim 1.

33.    Claim 12 of the '795 Patent reads:

An apparatus for preventing a power head of an electric cooker from being detached from a housing of the cooker during a cooking operation, the power head having a heating unit which extends from a bottom of the power head and into the housing through an opening, and the heating unit having a plurality of

13

first pieces for cooperatively engaging corresponding second pieces formed on the housing proximate the opening to secure the power head to the housing, said apparatus comprising:

at least one bracket configured to be attached to the bottom of the power head proximate at least one of the first pieces formed first pieces formed on the heating unit;

wherein said at least one bracket is located such that a portion of the housing defining the opening is received between said at least one bracket and the heating unit of the power head, so that said bracket prevents the housing from expanding during a cooking operation and causing the first pieces and the corresponding second pieces to disengage.

34.     The NuWave ovens read on Claim 12 of the '795 Patent.  Thus, when a customer replaces their existing NuWave dome with an Infringing Dome, which is a replica of the authentic dome, the combination reads on Claim 12 as well.  As used in Claim 12, the Infringing Dome is the "housing."  The red-circled portion of the advertisement shown in Paragraph 30 is a "second piece" as defined in Claim 12.  The green arrow indicates the "opening" as defined in Claim 12.  The blue-circled portions of the photograph of Paragraph 31 show that there are multiple "second pieces" that cooperatively engage with the plurality of first pieces on the heating unit.

35.     Claims 13-18 are dependent claims stemming from Claim 12.

36.     Claim 19 of the '795 Patent reads:

A method for preventing a power head of an electric cooker from being detached from a housing of the cooker during a cooking operation, the power head having a heating unit which extends from the bottom of the power head and into the housing through an opening, and the heating unit having a plurality of first securing pieces for cooperatively engaging corresponding second securing formed proximate the opening of the housing to secure the power head to the housing, said method comprising:

attaching at least one bracket to the bottom of the power head proximate at least one of the first securing pieces formed on the heating unit;

14

wherein said bracket is located such that a portion of the housing defining the opening is received between said at least one bracket and the heating unit of the power head, so that said bracket prevents the housing from expanding when heating and causing the first and second securing pieces to disengage.

37.    When customers use their NuWave oven, they practice the method of Claim 19. Accordingly, when customers use their NuWave oven with an Infringing Dome, which is a replica of the authentic dome, they practice the method of Claim 19.  The Infringing Dome is the "housing" as used in Claim 19.  The portion of the Infringing Dome indicated by a red circle in Paragraph 30 is a "second securing piece" and the green arrow indicates the "opening" as defined by Claim 19.  The blue-circled portions of the photograph of Paragraph 31 show that there are multiple "second securing pieces" that cooperatively engage with the plurality of first pieces on the heating unit.

38.    Claims 20-21 are dependent claims that stem from Claim 19.

39.    Claim 22 of the '795 Patent reads:

A method for releasably securing a power head to a cooking housing of an electric cooker, the power head having a wall portion which extends from a bottom of the power head into the housing through an opening, said method comprising:

providing at least one first securing piece on the wall portion of the power head for securing said power head to the housing;

providing at least one corresponding second securing piece on the oven housing for cooperatively engaging said first securing means provided on said wall portion of the power head for releasably securing said power head onto said housing; and

placing at least one locking bracket on said power head proximate said at least one first securing piece to prevent expansion of said housing proximate at least said locking bracket during the operation of said cooker.

40.    When consumers use their NuWave oven, they practice the method of Claim 22. Accordingly, when customers use their NuWave oven with an Infringing Dome, which is a

replica of the authentic dome, they practice the method of Claim 22.  The Infringing Dome is the "housing" as used in Claim 22.  The portion of the Infringing Dome indicated by a red circle in Paragraph 30 is a "second securing piece" and the green arrow indicates the "opening" as defined by Claim 22.  The blue-circled portions of the photograph of Paragraph 31 show that there are multiple "second securing pieces" that cooperatively engage with the securing means of the power head.

41.    Claims 23-24 are depending claims stemming from Claim 22.

42.    The Infringing Domes constitute a material part of the invention claimed by the '795 Patent and are specifically made for that purpose.

43.    Infraovens has at all relevant times had knowledge that the Infringing Domes are specifically adapted for use in infringement of the '795 Patent and has intended that they be used for that purpose.

44.    The Infringing Domes are not a staple article or commodity of commerce suitable for substantial noninfringing use, and Infraovens does not believe them to have any other purpose than for use with the NuWave ovens – *i.e.* to infringe the '795 Patent.

45.    On December 19, 2017 NuWave sent a cease and desist letter to Infraovens via electronic mail demanding that they cease the sale of all accessories claiming to be compatible with its ovens.  Accordingly, Infraovens had actual notice and knowledge of NuWave's intellectual property rights at least as early as that date, and thus all subsequent sale of the Infringing Domes and other purported accessories using NuWave's trademarks is willful.  A copy of the letter is attached hereto as Exhibit Q.

## COUNT I: TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## (15 U.S.C § 1114)

46.     NuWave realleges and incorporates each of the allegations set forth in paragraphs
1-45 as if restated herein in their entirety.

47.     By using NuWave's Registered Marks in association with the sale of its
houseware accessories in interstate commerce, Defendant has infringed and continues to infringe
NuWave's federally registered trademark rights.

48.     Defendant's use of NuWave's Registered Marks is likely to cause confusion
among consumers who are looking for genuine accessories and replacement parts for their
NuWave products.

49.     In fact, there has been actual confusion among consumers as to the source,
affiliation, or approval by NuWave of Defendant's products, as shown at a minimum by Amazon
reviews.

50.     As a result of its unauthorized use of NuWave's Registered Marks in connection
with the sale of houseware accessories, Defendant is likely to cause confusion or to cause
mistake or to deceive the public in violation of the Lanham Act, 15 U.S.C. § 1114.

51.     Defendant is likely to have mislead and to continue to mislead prospective
consumers as to an affiliation, connection, or association between Defendant or its products and
Plaintiff or its products, or as to the origin, sponsorship, or approval by Plaintiff of Defendant or
its products, causing consumers to rely thereon, in violation of the Lanham Act, 15 U.S.C. §
1114.

52.     Defendant's acts were and are undertaken willfully and in bad faith and in
conscious disregard of Plaintiff's trademark rights, with an intention to mislead the public into

believing that there is a connection between it and NuWave.

53.     Defendant is trading on the goodwill symbolized by Plaintiff's Registered Marks and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill and will sustain a loss of revenue and profits.

54.     Defendant's use of the Registered Marks has caused and continues to cause harm to Plaintiff's goodwill and has created and continues to create a likelihood of confusion among consumers that causes harm to Plaintiff's market share and trademark rights.

55.     Defendant's acts are causing irreparable injury to Plaintiff, for which there is no adequate remedy at law, and will continue to do so unless and until Defendant's use of the Registered Marks, and variations thereof, is enjoined by this Court

56.     Unless temporarily and permanently enjoined by this Court, Defendant's acts will immediately and irreparably injure Plaintiff's goodwill, erode its market share, and cause confusion in the marketplace.

## COUNT II: FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(a))

57.     NuWave realleges and incorporates each of the allegations set forth in paragraphs 1-56 as if restated herein in their entirety.

58.     NuWave has protectable rights in its Unregistered Marks.

59.     Defendant has used the Unregistered Marks in commerce.

60.     Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship, or approval of Defendant's products.

61.     Defendant's acts are causing irreparable injury to Plaintiff, for which there is no

adequate remedy at law, and will continue to do so unless and until Defendant's use of the Unregistered Marks, and variations thereof, is enjoined by this Court.

62.    Defendant's actions have been willful and with a total disregard for Plaintiff's rights.

63.    Defendant has engaged in unlawful acts that constitute false designation of origin in violation of the Lanham Act, 15 U.S.C. §1125(a).

64.    Unless temporarily and permanently enjoined by this Court, Defendant's acts will immediately and irreparably injure Plaintiff's goodwill, erode its market share, and cause confusion in the marketplace.

## COUNT III: FALSE ADVERTISING UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(a))

65.    NuWave realleges and incorporates each of the allegations set forth in paragraphs 1-64 as if restated herein in their entirety.

66.    By advertising the Infringing Domes as "compatible" with NuWave's products, Defendant is making false statements of material fact regarding the Infringing Domes, at a minimum because the Infringing Domes are not subject to the testing standards employed by NuWave and because they do not function as promised, often melting or cracking when used with a NuWave oven.

67.    Consumers have purchased the Infringing Domes in reliance on these statements and have suffered loss and have thus been actually deceived by the false and misleading statements of Defendant.  Customer reliance is demonstrated by poor customer reviews complaining of the incompatibility as shown in the exhibits to this Complaint.

68.    Defendant's deception is material to consumers' decision to purchase the

19

Infringing Domes because if they knew that the domes were not compatible with their NuWave ovens, there would be no other reason to purchase them as they have no other useful purpose.

69.    Defendant sells its Infringing Domes in interstate commerce.

70.    Plaintiff has been injured by Defendant's actions, at a minimum because its customers have suffered losses as a result of the incompatibility of the Infringing Domes. Many customers have blamed NuWave for this failure, harming NuWave's reputation. Furthermore, by advertising the Infringing Domes as compatible, Defendant has taken sales of authentic domes away from NuWave.

71.    Defendant's actions constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a), because it has misrepresented the nature, characteristics, qualities, or geographic origin of its goods.

72.    Unless enjoined, Defendant's false advertising will continue to cause harm to NuWave and the public.

73.    Defendant's acts are causing irreparable injury to Plaintiff and the public, for which there is no adequate remedy at law, and will continue to do so unless and until Defendant's false and misleading advertising is enjoined by this Court

## COUNT IV: CONTRIBUTORY PATENT INFRINGEMENT
### (35 U.S.C. § 271(c))

74.    NuWave realleges and incorporates each of the allegations set forth in paragraphs 1-73 as if restated herein in their entirety.

75.    The Patent Laws of the United States provide that "Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a

20

patented process, constituting a material part of the invention, knowing the same to be especially

made or especially adapted for use in an infringement of such patent, and not a staple article or

commodity of commerce suitable for substantial noninfringing use, shall be liable as a

contributory infringer."  35 U.S.C. § 271(c).

76.    NuWave has, at all relevant times, been the owner of all right, title, and interest to

the '795 Patent, and possesses all rights of recovery under '795 Patent.

77.    The '795 Patent was and is valid and enforceable at all times relevant to this

action and is entitled to a presumption of validity under 35 U.S.C. § 282.

78.    Defendant has made, used, sold, offered to sell, and/or imported into the United

States its Infringing Domes, which constitute a component of the patented combination claimed

by the '795 Patent, and further constituting an apparatus for use in practicing the process claimed

by the '795 Patent.  The Infringing Domes constitute a material part of the invention claimed by

the '795 Patent.

79.    At all relevant times, Defendant has known and intended that its Infringing

Domes be used to practice the '795 Patent.

80.    When customers use the Infringing Domes with their NuWave ovens, they

directly infringe the '795 Patent.  This is a direct result of Defendant's contributory infringement

by the sale of its Infringing Domes.  Defendant has at all relevant times known that customers

commit direct infringement of the '795 Patent when using its Infringing Domes.

81.    Defendant has profited through infringement of the '795 Patent.  As a result of

Defendant's unlawful infringement of the '381 Patent, NuWave has suffered and will continue to

suffer damages.

82.    Defendant had actual knowledge of the '795 Patent at all times relevant to this

action, at least by virtue of NuWave's virtual patent marking page available at

https://nuwavenow.com/Patent.

83.     Defendant's infringement of the '795 Patent has been and continues to be willful. Therefore, NuWave is entitled to treble damages under 35 U.S.C. § 284 and this case is exceptional under 35 U.S.C. § 285.

84.     As a direct and proximate result of Defendant's infringement of the '795 Patent, NuWave has suffered irreparable harm as well as monetary and other damages in an as-yet-undetermined amount.  Furthermore, unless Defendant is enjoined by this Court from continuing their infringement of the '795 Patent, NuWave has suffered, and will continue to suffer, additional irreparable damages and impairment of the value of its patent rights.  Thus, an injunction against further infringement is appropriate.

85.     Unless and until enjoined, Defendant's infringing activity will continue to cause harm to NuWave that is irreparable and for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, NuWave, Inc., requests that this Court find in its favor and against Defendant Hexmanworld LLC (d/b/a Infraovens) and grant Plaintiff the following relief:

A.     That Judgment be entered that Hexmanworld LLC has infringed NuWave's rights in its Registered Marks, namely, U.S. Reg. Nos. in 2826443, 4879441, 4652905, 5196785, and 3802040, in violation of 15 U.S.C. § 1114;

B.     That Judgment be entered that Hexmanworld LLC has infringed NuWave's rights in its Unregistered Marks, as defined herein, and is thus liable for false designation of origin in violation of 15 U.S.C. § 1125(a).

C.     That Judgment be entered that Hexmanworld LLC has committed false

advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).

D.      A preliminary and permanent injunction enjoining, restraining, and ordering Hexmanworld LLC, and its officers, agents, servants, attorneys, and other persons who are in active concert of participation with it:

    a.   To cease using any of the Registered Marks and Unregistered Marks or any colorable imitation or mark confusingly similar to each;

    b.   To cease advertising and promoting its goods as being compatible with or in any way related to NuWave products;

    c.   To destroy any and all advertising, marketing, or other informational materials in Defendant's possession, custody, or control bearing any of the Registered Marks, Unregistered Marks, or in any way claiming an affiliation or compatibility with NuWave products; and

    d.   To disseminate, in a form to be approved by the Court, advertising designed to correct the aforementioned infringing acts to date;

E.      Plaintiff's actual damages as a result of Defendant's Lanham Act violations;

F.      A disgorgement of Defendant's profits gained as a result of its Lanham Act violations;

G.     Judgment awarding Plaintiff enhanced damages under 15 U.S.C. § 1117 for Defendant's willful violations of the Lanham Act;

H.     A finding that this case is exceptional under § 1117 and an award of Plaintiff's attorney's fees incurred as a result of Defendant's Lanham Act violations;

I.      That Judgment be entered that Hexmanworld LLC has committed contributory infringement of U.S. Patent No. 6,936,795 under 35 U.S.C. § 271(c).

J.      That, in accordance with 35 U.S.C. § 283, Hexmanworld LLC, and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing U.S. Patent No. 6,936,795 and (2) making, using, selling, and offering for sale the accused Infringing Domes;

K.      An award of damages sufficient to compensate Plaintiff for Hexmanworld LLC's infringement under 35 U.S.C. § 284 and § 289, including an award of enhanced damages up to three times the amount found or assessed;

L.      That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees;

M.      Costs and expenses in this action;

N.      An award of prejudgment and post-judgment interest; and

O.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 16, 2020                    Respectfully submitted,


                                         /s/ Edward L. Bishop
                                         Edward L. Bishop
                                         ebishop@bdl-iplaw.com
                                         Nicholas S. Lee
                                         nlee@bdl-iplaw.com
                                         Bishop Diehl & Lee, Ltd.
                                         1475 E. Woodfield Rd., Suite 800

Schaumburg, IL 60173
T: (847) 969-9123
F: (847) 969-9124

*Counsel for Plaintiff, NuWave, LLC*