UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUWAVE, LLC,

Plaintiff,

v.

HEXMANWORLD LLC d/b/a INFRAOVENS,

Defendant.
_______________________________/

Civil Action No: 6:21-cv-01122-RBD-GJK

JURY TRIAL DEMANDED

DEFENDANT HEXMANWORLD, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF NUWAVE, LLC'S COMPLAINT [DE 1]

Defendant Hexmanworld LLC d/b/a Infraovens ("Defendant"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint [DE 1] ("Complaint") originally filed in the Northern District of Illinois by Plaintiff NuWave, LLC ("Plaintiff"), and states as follows:

ANSWER

THE PARTIES

1. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint and on that basis denies same.

2. Defendant admits that it has a business address at 1372 Falling Star Lane, Orlando, FL 32828, and that it does business under the name

Infraovens, as alleged in paragraph 2 of the Complaint. Defendant further answers that Exhibit A to the Complaint shows a copy of its U.S. Trademark Registration No. 5,172,866 for the mark INFRAOVENS, and that the registration speaks for itself.

JURISDICTION AND VENUE

3. Defendant denies that Plaintiff has any viable causes of action against Defendant under the patent laws of the United States or under the Lanham Act as alleged in paragraph 3 of the Complaint.

4. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in the first sentence in paragraph 4 of the Complaint. Defendant admits the allegations contained in the second sentence in paragraph 4 of the Complaint.

5. Defendant denies that there are any legitimate claims against Defendant, but does not dispute subject matter jurisdiction as alleged in paragraph 5 of the Complaint.

6. Defendant denies that any court of Illinois has personal jurisdiction over Defendant, but does not dispute personal jurisdiction in the Middle District of Florida.

7. Defendant denies (and the Illinois court agreed) that venue was not proper in the Northern District of Illinois, but does not dispute venue in the Middle District of Florida.

## BACKGROUND

8. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Complaint and on that basis denies same.

9. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint and on that basis denies same. Defendant further responds that Exhibits B–F attached to the Complaint, which are purported to be copies of Plaintiff's U.S. trademark registrations, speak for themselves.

10. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint and on that basis denies same.

11. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint and on that basis denies same.

12. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Complaint and on that basis denies same. Exhibits G and H speak for themselves.

13. Defendant admits it owns and operates the website referred to in the first sentence of paragraph 13 of the Complaint. Defendant admits that Exhibit I to the Complaint shows pages from its website for products that have

been offered for sale by Defendant, some of which are no longer sold by Defendant. Defendant denies the remainder of paragraph 13 of the Complaint.

Defendant admits that the language in the chart contained in paragraph 13 of the Complaint quotes language that may have appeared on Defendant's website prior to March 2020, but denies that this language contains any "unauthorized use" of Plaintiff's trademarks or that there is any "problem."

14. Defendant denies the allegations contained in paragraph 14 of the Complaint. Defendant admits that Exhibit J to the Complaint shows products offered for sale on Amazon at some previous time.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint. Defendant admits that Exhibit L to the Complaint shows products offered for sale on Amazon at some previous time.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in the first two sentences of paragraph 17 of the Complaint as to the so-called "Infringing Domes." Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 17 of the Complaint, including Exhibit M, and on that basis denies same

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in the first sentence in paragraph 20 of the Complaint. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 20 of the Complaint, including Exhibit N, and on that basis denies same.

21. Defendant denies the allegations contained in the first sentence of paragraph 21 of the Complaint. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 21 of the Complaint and on that basis denies same.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant is without sufficient knowledge to admit or deny the allegation contained in paragraph 25 of the Complaint and on that basis denies same. As to Exhibit P, Defendant notes that the ‘795 Patent speaks for itself.

26. Defendant admits, based on Exhibit P, that Claim 1 of the ‘795 Patent reads as set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits, based on Exhibit P, the allegations contained in paragraph 32 of the Complaint.

33. Defendant admits, based on Exhibit P, that Claim 12 of the ‘795 Patent reads as set forth in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant admits, based on Exhibit P, the allegations contained in paragraph 35 of the Complaint.

36. Defendant admits, based on Exhibit P, that Claim 19 of the ‘795 Patent reads as set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the

Complaint.

38. Defendant admits, based on Exhibit P, the allegations contained in paragraph 38 of the Complaint.

39. Defendant admits, based on Exhibit P, that Claim 22 of the '795 Patent reads as set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant does not understand the assertion made in paragraph 41 of the Complaint and on that basis it denies the same.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant admits that it received an email letter on behalf of Plaintiff as described in the first sentence of paragraph 45 of the Complaint, but does not know when the letter was allegedly sent. Defendant did not receive the letter until it received the letter by email in mid-January of 2018. Defendant denies the remaining allegations contained in paragraph 45 of the Complaint. The letter attached as Exhibit Q of the Complaint speaks for itself.

ALLEGED COUNTS

COUNT I: TRADEMARK INFRINGEMENT UNDER

THE LANHAM ACT (15 U.S.C. §1114)

46. Defendant repeats and incorporates by reference its responses to paragraphs 1-45 of the Complaint above.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant is without sufficient knowledge to admit or deny the allegation contained in paragraph 49 of the Complaint and on that basis denies same.

50. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 50 of the Complaint and on that basis denies same.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

COUNT II: FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. §1125(a))

57. Defendant repeats and incorporates by reference its responses to paragraphs 1-56 of the Complaint above.

58. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 58 of the Complaint and on that basis denies same.

59. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 59 of the Complaint and on that basis denies same.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the

Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

COUNT III: FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. §1125(a))

65. Defendant repeats and incorporates by reference its responses to paragraphs 1-64 of the Complaint above.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

COUNT VI: CONTRIBUTORY PATENT INFRINGEMENT (35 U.S.C. §271(c))

74. Defendant repeats and incorporates by reference its responses to paragraphs 1-73 of the Complaint above.

75. Defendant admits the allegations contained in paragraph 75 of the Complaint.

76. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 76 of the Complaint and on that basis denies same.

77. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 77 of the Complaint and on that basis denies same.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the

Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies each and every allegation in the Complaint that is not expressly admitted herein.

87. Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

1. Any use made by Defendant of Plaintiff's alleged marks constitutes permissible nominative fair use and not infringement.

2. No consumers or prospective consumers were likely to be confused by Defendant's actions as alleged.

3. Defendant's advertising and promotion was true and accurate.

4. Defendant's advertising and promotion was protected by the First Amendment to the United States Constitution.

5. Defendant's actions as alleged herein could not constitute bad faith.

6. Defendant had no intent to mislead the public and did not do so.

7. Defendant did not trade on Plaintiff's goodwill.

8. Plaintiff suffered no harm or damage as a result of any action or inaction of Defendant.

9. Plaintiff suffered no irreparable harm as a result of any action or inaction of Defendant.

10. Plaintiff is barred from any recovery against Defendant by the doctrine of laches.

11. Plaintiff is barred from any recovery against Defendant by the doctrine of acquiescence.

12. Plaintiff is barred from any recovery against Defendant by the doctrine of waiver.

13. Plaintiff is barred from any recovery against Defendant by the doctrine of estoppel.

14. Plaintiff is barred from any recovery against Defendant by the doctrine of unclean hands.

15. Plaintiff has no cognizable enforceable rights in the so-called

Unregistered Marks.

16. Defendant's products were merchantable and fit for their particular purpose.

17. No consumers have been or are likely to be deceived by Defendant's advertising or promotion.

18. Any harm or damage suffered by Plaintiff was the result of its own action or inaction.

19. Defendant's actions as alleged caused no harm to the public.

20. Defendant has not infringed any valid claim of U.S. Patent No. 6,936,795 (the "'795 Patent") directly or indirectly, contributorily, by inducement, or in any other manner.

21. Upon information and belief, to the extent Plaintiff interprets elements of the claims of the '795 Patent to cover acts or products of Defendant, the claims are invalid under 35 U.S.C. §§ 102 and/or 103. Moreover, several of the claims are invalid under 35 U.S.C. § 112 because terms contained therein are indefinite or because they lack adequate descriptive support in the specification.

22. The Complaint should be dismissed in its entirety on the basis that it consists of impermissible shot-gun pleadings.

23. Because Plaintiff's customers are licensed users of Plaintiff's products, there can be no act of direct infringement and therefore no claim of

indirect infringement by Defendant.

24. Plaintiff's claims of indirect infringement are barred by the doctrine of repair, replacement and reconstruction of purchased products.

25. Plaintiff fails to allege any factual basis for its claims of infringement of claims 2-11, 13-18, 20-21 and 23-24. Merely identifying the claims as dependent claims does not provide ultimate facts to support a claim of infringement.

WHEREFORE, Defendant prays that the Plaintiff take nothing by this suit, that Defendant be awarded its attorneys' fees and costs, and that the Court grant Defendant such other and further relief, both general and special, at law and in equity, to which it justly may show it is entitled.

COUNTERCLAIM

Defendant/Counterclaim Plaintiff Hexmanworld, LLC ("Hexmanworld"), for its Counterclaim against Plaintiff/Counterclaim Defendant NuWave, LLC ("NuWave"), upon knowledge as to matters relating to itself and upon information and belief as to all other matters, alleges as follows:

PARTIES

1. Hexmanworld is a Florida limited liability company with its principal place of business at 1372 Falling Star Lane, Orlando, FL 32828. Hexmanworld is engaged in the design, manufacture, and sale of accessories for small kitchen appliances.

2. On information and belief, NuWave is an Illinois limited liability company with its principal place of business at 560 E. Bunker Court, Vernon Hills, IL 60061.

JURISDICTION

3. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, and 2201.

4. Hexmanworld seeks, *inter alia*, declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. NuWave, by filing this action and being so directed by the court, has submitted to this Court's exercise of personal jurisdiction.

COUNT I

Declaration of Non-Infringement of the '795 Patent

6. Hexmanworld incorporates by reference and realleges paragraphs 1-5 above as though fully stated herein.

7. NuWave claims to be the owner of all right, title and interest in U.S. Patent No. 6,936,795 (the "'795 Patent").

8. NuWave has accused Hexmanworld of infringement of the '795 Patent and has created a substantial, immediate and real controversy between the parties as to the infringement of the '795 Patent.

9. Hexmanworld has not infringed, and currently does not infringe, any valid claim of any of the '795 Patent, directly, indirectly, contributorily, by

inducement, or in any other manner, and NuWave is entitled to no relief for any claim of alleged infringement.

PRAYER FOR RELIEF

WHEREFORE, Hexmanworld, LLC respectfully requests that this Court enter a Judgement and Order:

A. Declaring that all asserted claims of the '795 Patent are not infringed;

B. Finding that this case is an exceptional case pursuant to 35 U.S.C. §285 or otherwise, and awarding Hexmanworld its costs, together with reasonable attorneys' fees, and all of its expenses for defending the patent claim in this suit; and

C. Awarding Hexmanworld any such other costs and further relief as the Court may deem just and proper.

JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Hexmanworld demands trial by jury on all issues so triable as to the Counterclaim and Affirmative Defenses.

Dated: July 28, 2021. Respectfully submitted,

/s/Ava K. Doppelt
Ava K. Doppelt, Esq.
Florida Bar No. 393738
adoppelt@allendyer.com
Brian R. Gilchrist, Esq.

Florida Bar No. 774065
bgilchrist@allendyer.com
Allen, Dyer, Doppelt & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

*Attorneys for Defendant Hexmanworld, LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2021, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

James S. Toscano, Esq.
Florida Bar No. 899909
james.toscano@lowndes-law.com
carol.anderson@lowndes-law.com
litcontrol@lowndes-law.com
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
215 North Eola Drive
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-4444

and

Edward L. Bishop, Esq.
*(pro hac vice pending)*
ebishop@bdl-iplaw.com
Nicholas S. Lee, Esq.
*(pro hac vice pending)*
nlee@bdl-iplaw.com
Bishop Diehl & Lee, LTD.
1475 E. Woodfield Rd., Suite 800
Schaumburg, IL 60173
T: (847) 969-9123
F: (847) 969-9124

*Attorneys for Plaintiff NuWave, LLC*

Ava K. Doppelt, Esq.
Florida Bar No. 393738
adoppelt@allendyer.com
Brian R. Gilchrist, Esq.
Florida Bar No. 774065
bgilchrist@allendyer.com
Allen, Dyer, Doppelt & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

*Attorneys for Defendant Hexmanworld, LLC*

*/s/ Ava K. Doppelt*
Ava K. Doppelt